**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

JEISON ELIZAUL SERRANO

v. Civil No. 26-cv-682-LM-AJ

SUPERINTENDENT, STRAFFORD COUNTY
DEPARTMENT OF CORRECTIONS;
DIRECTOR, BOSTON FIELD OFFICE,
UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT[1]

**ORDER ON NEXT FRIEND STANDING**

Anna Carolinna Ottenwalder, the spouse of Petitioner, Jeison Elizaul Serrano, assembled and filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1), in Mr. Serrano's name, to challenge his detention at the Strafford County Department of Corrections ("SCDC"), in United States Immigration and Customs Enforcement ("ICE") custody. The § 2241 Petition (Doc. No.1) is before this court to determine if it is not invalid on its face and may proceed. See 28 U.S.C. § 2243; Rules 1(b) & 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); LR 4.3(d)(4).

**Signature Requirement and "Next Friend" Standing**

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The Petition (Doc. No. 1) before this court is unsigned and includes a request signed by Ms. Ottenwalder, asking the court to accept the § 2241 Petition for filing though it lacks Mr. Serrano's signature. She states he has been continuously detained since August 14, 2026, without a bond

[1] Petitioner's immediate custodian, the Superintendent of the Strafford County Department of Corrections, is the proper respondent to this action.

hearing, and "does not have reliable access to incoming or outgoing mail at the facility that would allow him to receive, review, sign, and return the habeas petition within a reasonable period of time." Doc. No. 1-1.

Federal law, 28 U.S.C. § 2242 allows for a person who qualifies as Petitioner's "next friend" to sign and file the Petition for Petitioner, the real party in interest. See § 2254 Rule 2(c)(5) adv. comm. note to 2004 am. (courts apply "next friend" analysis in deciding whether signer is authorized to sign petition for petitioner under § 2254 Rule 2(c)(5)).

There are "two firmly rooted prerequisites" that must be established for next friend standing. Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). First, the "next friend" must show "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability," id. at 165; see also Wilson v. Lane, 870 F.2d 1250, 1253 (7th Cir. 1989) ("a next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition"); Weber v. Garza, 570 F.2d 511, 514, n.4 (5th Cir. 1978) ("'inability to read and understand English or the situation'" in some cases may provide grounds for next friend standing (citation omitted)). Second, the "next friend" must be "truly dedicated to the best interests" of Petitioner; typically, the next friend has a "significant relationship" with Petitioner. Whitmore, 495 U.S. at 163. The burden is on the "next friend" to clearly establish a "valid reason" for next friend standing. Figueroa v. Rivera, 147 F.3d 77, 82 (1st Cir. 1998); see also Whitmore, 495 U.S. at 164.

Here, Ms. Ottenwalder focuses her request on what she considers to be the conditions of Petitioner's ICE detention that may delay his filing of a signed petition. In particular, she states that he lacks the "reliable access to incoming or outgoing mail" that is needed so that he can review, sign, and file the habeas petition she prepared "within a reasonable period of time." Doc. No. 1-1.

Her status as Petitioner's spouse plainly satisfies the relationship requirement, and the attachments to the Petition show her dedication to his interests, including her filing of an I-130 application on his behalf. See Mendonca v. INS, 52 F. Supp. 2d 155, 160 (D. Mass.), aff'd, 201 F.3d 427 (1st Cir. 1999). But her generalized assertions about mail delays and her husband's status as a detainee fail to demonstrate that Petitioner cannot litigate this case on his own. See Francis v. Warden, FCC Coleman - USP, 246 F. App'x 621, 623 (11th Cir. 2007) (incarceration of petitioner failed to establish grounds for spouse to sign and file as petitioner's next friend); Quevedo-Palamino v. Warden of Calhoun Cty. Jail, No. 26-11064, 2026 WL 962397, at *2, 2026 U.S. Dist. LEXIS 77780, at *3 (E.D. Mich. Apr. 9, 2026) (generalized assertions regarding delays with legal mail at detention facility did not establish mother's standing as next friend).

This court notes that the lack of Petitioner's signature on the § 2241 Petition is a curable defect. See de Aza-Paez v. United States, 343 F.3d 552, 553 (1st Cir. 2003). Accordingly, this court grants Petitioner an opportunity, on or before September 4, 2026, either: to sign and file a notice ratifying the unsigned § 2241 Petition (Doc. No. 1) as his own; or to file an Amended Petition which he signs on his own behalf. Alternatively, a licensed attorney may file an appearance here on Petitioner's behalf and litigate this matter for him.[2]

**Conclusion**

For the foregoing reasons, Mr. Serrano, on or before September 4, 2026, must file any one of the following documents:

1. A "Notice of Ratification," dated and signed personally by Mr. Serrano, under penalty of perjury, stating that Mr. Serrano approves of the original (unsigned) § 2241 Petition (Doc. No. 1) and ratifies that original § 2241 Petition as his own; or

[2] Even if the court were to allow Petitioner's spouse to sign the Petition as his next friend, a licensed attorney appearing on Petitioner's behalf through his next friend may need to file an appearance in this case. See 28 U.S.C. 1654; see also Quevedo-Palamino, 2026 WL 962397, at *2, 2026 U.S. Dist. LEXIS 77780, at *3.

2. An "Amended Petition," personally signed by Mr. Serrano or an attorney appearing in this action on Mr. Serrano's behalf.

If Mr. Serrano does not respond to this Order as directed by September 4, 2026, or by any later deadline this court may establish on its own or upon motion, this court may dismiss the case, without prejudice. The clerk's office shall send a blank form, "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (AO 242 (Rev. 09/17)), to Mr. Serrano, for his convenience. A courtesy copy of this Order shall also be sent to Ms. Ottenwalder, to the extent her address is known to the court.

SO ORDERED.

Andrea K. Johnstone
United States Magistrate Judge

August 24, 2026

cc: Jeison Elizaul Serrano, pro se